## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Almeria P. Huff,

      Plaintiff,                           Case No. 2:20-cv-5093

      v.                                Judge Michael H. Watson

Commissioner of Social Security,        Magistrate Judge Deavers

      Defendant.

### OPINION AND ORDER

On December 9, 2021, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court overrule Almeria Huff's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") denial of benefits in this Social Security case. R&R, ECF No. 19.  Plaintiff timely objected to the R&R.  Obj., ECF No. 20.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that were properly objected to.  Fed. R. Civ. P. 72(b)(3).

On objection, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to comply with 20 C.F.R. § 404.1520c when evaluating Dr. Kistler's medical opinion.  Obj. 2–3, ECF No. 20.  Plaintiff concedes that the ALJ referenced findings from the record when discussing Dr. Kistler's opinions.  *Id.* at 2.  She argues, however, that the ALJ "merely hurled various findings in the record together without any actual discussion of how they impacted Dr. Kistler's

opinions." *Id.* She also argues that the ALJ cherry-picked evidence that contradicted Dr. Kistler's opinions and failed to cite evidence that supported Dr. Kistler's opinions. *Id.* at 2–3.

On de novo review, the Court overrules Plaintiff's objection. The ALJ adequately discussed the supportability and consistency of Dr. Kistler's opinions. By way of example and not limitation, the ALJ explained, specifically and in detail, how Dr. Kistler's own notes, Plaintiff's work history, Dr. Kistler's reliance on Plaintiff's subjective complaints as opposed to objective data, Plaintiff's objective medical testing, and other specialists' notes and opinions contradicted Dr. Kistler's opinions on Plaintiff's physical limitations. R. 26, ECF No. 12-2 at PAGEID ## 72–73. The ALJ also discussed instances in which Dr. Kistler's opinions were not supportable because they were internally inconsistent. *E.g.*, *id.* at PAGEID # 73.

Similarly, the ALJ discussed exactly why Dr. Kistler's opinions as to Plaintiff's mental limitations were not supported, finding that Dr. Kistler used definitions that were inconsistent with Social Security disability standards, that his opinion was inconsistent with his finding that Plaintiff could manage her own funds, and that his opinions were inconsistent with Plaintiff's treatment history, exam findings, and activities of daily living. *Id.* at PAGEID ## 73–74, 76–77.

As to Plaintiff's second argument, the ALJ did not "cherry pick" the record evidence in a manner that requires reversal. Indeed, Plaintiff does not argue that the ALJ incorrectly found any specific record evidence to be inconsistent with Dr.

Kistler's opinions or contend that the ALJ's decision lacked substantial evidence. Plaintiff merely argues that the record contained other evidence that supported her application.  Obj. 2–3, ECF No. 20.  As the Magistrate Judge explained, R&R 20, ECF No. 19, that does not warrant reversal.

For these reasons, Plaintiff's objection is **OVERRULED**.  Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.  The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT